PIERCIE WHATLEY v. THE STATE.

No. 19938. Delivered November 16, 1938.

The opinion states the case.

*Artio Stephen* and *Emmet Thornton,* both of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft by bailee; the punishment, confinement in the penitentiary for two years.

Omitting the formal parts, the indictment reads as follows: "Piercie Whatley did, having possession of ninety dollars in money, of the value of ninety dollars, the same being the corporeal personal property of D. D. Brogdon, by virtue of his contract of hiring with said D. D. Brogdon, did then and there unlawfully and without the consent of the said D. D. Brogdon, the owner thereof, unlawfully convert said ninety dollars in money, of the value of ninety dollars, to his, the said Piercie Whatley's own use and with the intent to deprive the said D. D. Brogdon, the owner thereof, of the value of the same."

It is observed that the word "fraudulently" is omitted from the indictment. The use of such word is indispensable in charging theft by bailee under Article 1429, P. C. Rhodes v. State, 54 S. W. (2d) 119; Patterson v. State, 56 S. W. (2d) 458. We quote said article as follows: "Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall without the consent of the owner, *fraudulently* convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft, and shall be punished as for theft of like property." (Italics ours.)

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.